This contract case involves review under the standards of the Wunderlich Act, 41 U.S.C. §§ 321-22 (1976). Each party has filed a motion for summary judgment, an opposition to the other party’s motion, and a reply. In addition, plaintiff submitted a "Final Reply” which was received on September 11, 1981. All of the submissions have been carefully examined and, on the basis thereof, without oral argument, we find that the decision of the Department of Agriculture Board of Contract Appeals (board) is correct as a matter of law, is neither arbitrary nor capricious nor unsupported by substantial evidence, and, accordingly, we affirm the board’s decision.
Watson S. Eastman, doing business as Eastman Reforestation Company, was awarded Forest service contract No. 04-00531 on April 15, 1977, for tree planting in the Idaho Panhandle National Forest, Wallace Ranger District. Upon completion of the activities of its crew in connection with the contract, plaintiff submitted several claims for equitable adjustments which the contracting officer denied in a decision dated January 11, 1978. Plaintiffs appeal of that decision was heard by the board in October 1979 and denied. Eastman Reforestation Co., AGBCA No. 78-114, 80-1, BCA ¶ 14,381. Plaintiffs motion for reconsideration was denied by the board in a decision dated June 12, 1980, and the petition filed herein on November 3,1980, followed.
Of the four claims decided by the board adversely to plaintiff, plaintiff seeks review of three. First, it complains that it incurred unanticipated costs due to defendant’s interpretation of spacing and shade requirements. The board fully considered this claim and correctly held that plaintiff failed to carry its burden of proof since the record contained no evidence indicating that the inspection sampling methods used by the Government harmed plaintiff. Rather, the evidence supported a conclusion by the board that substantial deficiencies existed in plaintiffs work which were clearly unrelated to the spacing and shade provisions of the contract. Notwithstanding plaintiffs objections to the board’s findings and numerous references to the record we find nothing other than plaintiffs allegations upon which to base a reversal of the board. This we cannot *915 do. Wunderlich Contracting Co. v. United States, 173 Ct. Cl. 180, 351 F.2d 956 (1965).
Secondly, plaintiff complains that its costs were affected by interference with the planting caused by the timing of defendant’s inspections. No evidence was presented to establish that the Government inspector made any errors in judgment or procedure in identifying plaintiffs planting deficiencies. The board held against plaintiff on the timing issue on the basis of the facts of record. We have reviewed those facts and are unable to find that the board’s conclusions were not fairly arrived at on the basis of substantial evidence. Plaintiff had full opportunity to pursue its charge that it was wrongly denied reinspection, and it failed to do so. The board properly treated this latter charge as abandoned by plaintiff, and it cannot now be timely resurrected. In any event, plaintiff never put evidence into the record which would support such charge. Again, plaintiffs meticulous combing of the record fails to show that the board’s adverse determination on the inspection issue was not supported by the evidence of record.
Finally, plaintiff complains that the young stock provided for planting by auger did not conform to the contract specifications, in that an excess number of the plants had short roots. The board thoroughly considered this issue and could not determine from the evidence presented what percentage of the rootlings were outside the range of length provided in the contract. Plaintiff had the burden of presenting probative evidence to support this claim and it failed to do so. Furthermore, the board found, on the record, that plaintiffs poor performance did not arise from the size of the roots, but rather from plaintiffs failures in covering them properly. On the record, we find that the board’s conclusions were supported by substantial evidence, and we decline to disturb its decision.
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motions for reconsideration denied November 20,1981 and May 25,1982.